AO 243 (Rev. 01/15)                                                  Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Southern District of Texas (Houston) |
|---|---|---|

**Name** *(under which you were convicted)*: Pedro Herrera-Alvarado

**Docket or Case No.:** 4:15-cr-00044-3

**Place of Confinement:** USP Beaumont, P.O. Box 26030 Beaumont, TX 77720

**Prisoner No.:** 80000-379

UNITED STATES OF AMERICA     V.     **Movant** *(include name under which convicted)* PEDRO HERRERA-ALVARADO

United States Courts
Southern District of Texas
FILED
SEP 16 2019
David J. Bradley, Clerk of Court

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

    United States District Court
    Southern District of Texas
    Houston Division

    (b) Criminal docket or case number (if you know): 4:15-cr-00044-3

2. (a) Date of the judgment of conviction (if you know): 3/6/2017

    (b) Date of sentencing: 3/3/2017

3. Length of sentence: Life

4. Nature of crime (all counts):

    Cts 1s & 3s: Conspiracy to Posses With Intent to Distribute Heroin, in violation of 21 U.S.C. § 846;
    Cts 2s & 9s: Possession With Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); and
    Ct 5s: Conspiracy to Posses With Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846.

5. (a) What was your plea? (Check one)
    (1) Not guilty ☐    (2) Guilty ☑    (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

    Guilty on Counts 1s of the Superseding Indictment.

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?    Yes ☑    No ☐

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the Fifth Circuit
   (b) Docket or case number (if you know): No. 17-20171
   (c) Result: Dismissed
   (d) Date of result (if you know): 6/20/2018
   (e) Citation to the case (if you know): USA v. Pedro Herrera-Alvarado, No. 17-20171 (5th Cir. 2018)
   (f) Grounds raised:

   Herrera-Alvarado contends that the District Court failed to: (1) ensure that he understood the nature of the charge; (2) comply with Federal Rule of Criminal Procedure 11 at a November 20, 2015 re-arraignment, which rendered his guilty plea invalid; and (3) determine that he understood the terms of his appeal waiver.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑
       If "Yes," answer the following:
       (1) Docket or case number (if you know): _____
       (2) Result: _____
       (3) Date of result (if you know): _____
       (4) Citation to the case (if you know): _____
       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☑

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____
        (4) Nature of the proceeding: _____
        (5) Grounds raised:

      (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
          Yes ☐    No ☐
      (7) Result: _____
      (8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:
      (1) Name of court: _____
      (2) Docket of case number (if you know): _____
      (3) Date of filing (if you know): _____
      (4) Nature of the proceeding: _____
      (5) Grounds raised:

      (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
          Yes ☐    No ☐
      (7) Result: _____
      (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
      (1) First petition:    Yes ☐    No ☐
      (2) Second petition:    Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:
N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**   Ineffective Assistance of Pretrial Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Pretrial Counsel Failed to:
(1) Communicate with Herrera-Alvarado and inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial;
(2) File any substantive pretrial motions;
(3) Conduct an adequate and independent pretrial investigation; and
(4) Attempt to negotiate a favorable Plea Agreement deprived Herrera-Alvarado of effective assistance of pretrial counsel under the Sixth Amendment of the Constitution of the United States.

Please see Memorandum of law in Support.

(b) **Direct Appeal of Ground One:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☑

  (2) If you did not raise this issue in your direct appeal, explain why:

  Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c) **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☑

  (2) If you answer to Question (c)(1) is "Yes," state:

  Type of motion or petition:   N/A

  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐    No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**  Ineffective Assistance of Sentencing Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Sentencing Counsel Failed to:
(1) Review, discuss and explain the PSR to Herrera-Alvarado prior to the sentencing hearing;
(2) Properly argue objections to the PSR; and
(3) Argue for mitigation of punishment and object to Herrera-Alvarado's sentence being substantively unreasonable deprived Herrera-Alvarado of effective assistance of sentencing counsel under the Sixth Amendment, a fair and just sentence.

Please see Memorandum of law in Support.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ✔

(2) If you did not raise this issue in your direct appeal, explain why:
Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐  No ✔

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☐

   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☐

   (2) If you answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐   No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐   No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐   No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:
   Name and location of the court where the appeal was filed:

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**
 (1) If you appealed from the judgment of conviction, did you raise this issue?
 Yes ☐  No ☐
 (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
 (1) Did you raise this issue in any post-conviction motion, petition, or application?
 Yes ☐  No ☐

 (2) If you answer to Question (c)(1) is "Yes," state:
 Type of motion or petition:
 Name and location of the court where the motion or petition was filed:

 Docket or case number (if you know):
 Date of the court's decision:
 Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐  No ☐

  (4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐  No ☐

  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

    Yes ☐  No ☐

  (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging? Yes ☐  No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

   (a) At the preliminary hearing:
   Mark Christopher Thering, Attorney at Law, 1601 Congress, Houston, TX 77002

   (b) At the arraignment and plea:
   Mark Christopher Thering, Attorney at Law, 1601 Congress, Houston, TX 77002

   (c) At the trial:
   N/A

   (d) At sentencing:
   Mark Christopher Thering, Attorney at Law, 1601 Congress, Houston, TX 77002

   (e) On appeal:
   James Gregory Rytting, Hilder Associates PC, 819 Lovett Boulevard, Houston, TX 77006-3905

   (f) In any post-conviction proceeding:
   N/A

   (g) On appeal from any ruling against you in a post-conviction proceeding:
   N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ✔

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ✔

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
   N/A

   (b) Give the date the other sentence was imposed:
   (c) Give the length of the other sentence: N/A
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ✔

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

   Herrera-Alavarado has ninety (90) days from June 20, 2019, to file his § 2255 motion. His § 2255 is timely if filed on or before September 18, 2019.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
   (1)   the date on which the judgment of conviction became final;
   (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 13

Therefore, Herrera-Alvarado respectfully requests that the Court grant the following relief:

Vacate his conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove his grounds set forth above, resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that he may be entitled.

Respectfully submitted,

*/s/ Pedro Alvarado*
PEDRO HERRERA-ALVARADO
REG. NO. 80000-379
USP BEAUMONT
U.S. PENITENTIARY
P. O. BOX 26030
BEAUMONT, TX  77720
Appearing *Pro Se*

### DECLARATION OF PEDRO HERRERA-ALVARADO

I, Pedro Herrera-Alvarado, declarant herein, declare and attest to the facts in the above and foregoing Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to be true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. I placed this § 2255 Motion in the prison mailbox on the date below invoking the prison mailbox rule. See *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Dated: September 12, 2019.

*/s/ Pedro Alvarado*
PEDRO HERRERA-ALVARADO

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; October 2018. All rights reserved.

FLAT RATE
POSTAGE REQUIRED

United States Courts
Southern District of Texas
FILED
SEP 16 2019
David J. Bradley, Clerk of Court

FROM:

MR. PEDRO HERRERA-ALVARADO
REG. NO. 80000-379
USP BEAUMONT
U.S. PENITENTIARY
P. O. BOX 26030
BEAUMONT, TX 77720

TO:

Mr. David J. Bradley
Clerk of Court
U. S. District Court
Southern District of Texas
Houston Division
515 Rusk Street
Houston, TX 77002-2600

US POSTAGE PAID
Origin: 77070
09/13/19
4804420059-03
$7.35

PRIORITY MAIL 1-DAY®
0 Lb 10.60 Oz
1006
C057

EXPECTED DELIVERY DAY: 09/14/19

SHIP TO:
515 RUSK ST
HOUSTON TX 77002-2600

USPS TRACKING NUMBER

9505 5104 4803 9256 2713 18

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

x For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.